UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHY W. ANTOON | CIVIL ACTION NO. : 3:10-cv-00088 |
| VERSUS | SECT. |
| WOMAN'S HOSPITAL FOUNDATION d/b/a WOMAN'S HOSPITAL | JUDGE: JVP |
| | MAGISTRATE JUDGE: DLD |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes Defendant, Woman's Hospital Foundation d/b/a Woman's Hospital, and submits the following Affirmative Defenses and Answer to Complaint and First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages as required by law.

### THIRD AFFIRMATIVE DEFENSE

Any conduct complained of by Plaintiff was caused or initiated by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by the provisions of the Civil Rights Act of 1991, as amended.

1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust administrative remedies on some or all of her claims.

## SEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are beyond the scope of the Charges of Discrimination she filed with the Equal Employment Opportunity Commission ("EEOC").

## EIGHTH AFFIRMATIVE DEFENSE

Defendant did not illegally discriminate or retaliate against Plaintiff, intentionally or otherwise; any employment-related actions taken against Plaintiff were for non-discriminatory and non-retaliatory reasons, legitimate business reasons, and/or reasonable factors other than disability and/or retaliation. In the alternative, Defendant would have taken the same employment-related actions against Plaintiff in the absence of any impermissible factors.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff was an at-will employee, and as such, her claim of wrongful discharge is barred. Defendant denies the existence of any contract between the parties.

## TENTH AFFIRMATIVE DEFENSE

No act or omission which can be attributable to Defendant constitutes conduct rising to the requisite level of outrageousness to support a claim for intentional infliction of emotional distress.

## ELEVENTH AFFIRMATIVE DEFENSE

While Defendant denies that there were any defamatory statements made about Plaintiff, in the event of a finding that there were defamatory statements, Defendant cannot be held liable since any such defamatory statements were neither authorized nor ratified by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The actions of the Defendant exhibited no extreme or outrageous conduct and the Defendant has not engaged in any tortious conduct that would entitle the Plaintiff to recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

For purposes of any claim for punitive damages based on the allegations contained in the Complaint, which are at all times denied, Defendant cannot be held vicariously liable and subject to an award of punitive damages because such alleged actions are contrary to Defendant's good faith efforts to comply with all applicable laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively denies that it acted with malice or reckless indifference toward Plaintiff, and avers that any award of punitive damages would violate state and/or federal constitutional provisions.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not disabled within the meaning of the Americans with Disabilities Act or under Louisiana law, and is not a qualified individual with a disability.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any statements concerning Plaintiff by employees of Defendant were not defamatory in that they were only expressions of opinions.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any statements concerning Plaintiff by employees of Defendant were not defamatory in that they were truthful.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Any statements concerning Plaintiff by employees of Defendant were not defamatory in that they did not prejudice the Plaintiff in the eyes of a substantial and respectable minority of the community.

### NINETEENTH AFFIRMATIVE DEFENSE

Any statements concerning Plaintiff by employees of Defendant were not defamatory in that they were privileged.

### TWENTIETH AFFIRMATIVE DEFENSE

Any statements concerning Plaintiff by employees of Defendant were not defamatory in that they were not published.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any statements concerning Plaintiff by employees of Defendant were made without malice.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff as a result of any claimed disability and/or did not perceive or regard Plaintiff as being disabled.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant denies that it violated the Americans with Disabilities Act ("ADA"), or any other law, including the Louisiana Discrimination Act. All of Defendant's employment actions affecting Plaintiff were in compliance with the ADA, and all other laws, and were taken for legitimate business reasons, were taken for non-discriminatory and non-retaliatory reasons, and/or were based on reasonable factors completely unrelated to Plaintiff's claimed disability, her alleged

4

statements concerning her claimed disability, or any other purported rights protected by law. In the alternative, Defendant would have taken the same employment actions against Plaintiff in the absence of any impermissible reasons, factors, or motives.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

In the event Plaintiff establishes that she sought a reasonable accommodation, which is at all times denied, Defendant alternatively asserts that it acted in good faith at all times, but any such proposed accommodation caused or would have caused an undue hardship on the operation of Defendant's business.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant's policies and practices at question herein are job related and consistent with job necessity.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover compensatory or punitive damages arising from her ADA retaliation claim.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to articulate additional defenses of which it may become aware during the course of litigation.

### ANSWER TO COMPLAINT

Without waiving the foregoing affirmative and other defenses, Defendant responds to the allegations of the Complaint, paragraph by paragraph, as follows:

I.

Defendant admits the allegations contained in Paragraph 1 of the Complaint.

II.

Defendant admits the allegations contained in Paragraph 2 of the Complaint .

III.

Defendant admits the allegations contained in Paragraph 3 of the Complaint.

IV.

Defendant admits the allegations contained in Paragraph 4 of the Complaint.

V.

Defendant denies the allegations contained in Paragraph 5 of the Complaint.

VI.

Defendant denies the allegations contained in Paragraph 6 of the Complaint for lack of information sufficient to justify a belief therein.

VII.

Defendant denies the allegations contained in Paragraph 7 of the Complaint for lack of information sufficient to justify a belief therein.

VIII.

Defendant denies the allegations contained in Paragraph 8 of the Complaint for lack of information sufficient to justify a belief therein.

IX.

Defendant denies the allegations contained in Paragraph 9 of the Complaint.

X.

Defendant denies the allegations contained in Paragraph 10 of the Complaint.

XI.

Defendant denies the allegations contained in Paragraph 11 of the Complaint.

XII.

Defendant denies the allegations contained in Paragraph 12 of the Complaint.

XIII.

Defendant denies the allegations contained in Paragraph 13 of the Complaint.

XIV.

Defendant denies the allegations contained in Paragraph 14 of the Complaint.

XV.

Defendant denies the allegations contained in Paragraph 15 of the Complaint.

XVI.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

XVII.

Defendant denies the allegations contained in Paragraph 17 of the Complaint.

XVIII.

Defendant denies the allegations contained in Paragraph 18 of the Complaint.

XIX.

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

XX.

Defendant denies the allegations contained in Paragraph 20 of the Complaint.

XXI.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

XXII.

Defendant denies the allegations contained in Paragraph 22 including subparagraphs 22A though 22Q inclusive of the Complaint.

XXIII.

Defendant denies the allegations contained in Paragraph 23 including subparagraphs 23A through 23G inclusive of the Complaint.

XXIV.

Defendant denies the allegations contained in Paragraph 24 of the Complaint for lack of information sufficient to justify a belief therein.

XXV.

Defendant denies the allegations contained in Paragraph 25 of the Complaint for lack of information sufficient to justify a belief therein.

XXVI.

Defendant denies the allegations contained in Paragraph 26 of the Complaint.

XXVII.

Defendant denies the allegations contained in Paragraph 27 of the Complaint.

XXVIII.

Defendant denies the allegations contained in Paragraph 28 of the Complaint.

XXIX.

Defendant denies the allegations contained in Paragraph 29 of the Complaint.

XXX.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

XXXI.

Defendant denies the allegations contained in Paragraph 31 of the Complaint.

XXXII.

Defendant denies the allegations contained in Paragraph 32 of the Complaint.

XXXIII.

Defendant denies the allegations contained in Paragraph 33 of the Complaint.

XXXIV.

Defendant denies the allegations contained in Paragraph 34 of the Complaint.

XXXV.

Defendant denies the allegations contained in Paragraph 35 of the Complaint.

XXXVI.

Defendant denies the allegations contained in Paragraph 36 of the Complaint.

XXXVII.

Defendant denies the allegations contained in Paragraph 37 of the Complaint for lack of information sufficient to justify a belief therein.

## XXXVIII.

Defendant is not called upon to affirm or deny the allegations contained in Plaintiff's prayer for relief, but out of an abundance of caution, states that Plaintiff is not entitled to the relief requested.

WHEREFORE, Defendant prays that its Answer be deemed good and sufficient and that after due proceedings are had, there be a judgment in favor of Defendant and against Plaintiff, dismissing Plaintiff's claims with prejudice, casting Plaintiff for all costs of these proceedings, and providing any other relief as this Court finds appropriate.

Respectfully submitted,

/s/ Charles H. Hollis
CHARLES H. HOLLIS, T.A. (LSBA 06961)
A. NICOLE SEALE (LSBA 31317)
CLAIRE H. MCDANIEL (LSBA 31864)
VASILIOS MANTHOS (LSBA 30610)
The Kullman Firm, A Professional Law Corporation
1600 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-mail: chh@kullmanlaw.com

**COUNSEL FOR DEFENDANT,
WOMAN'S HOSPITAL FOUNDATION d/b/a
WOMAN'S HOSPITAL**

## CERTIFICATE OF SERVICE

I certify that on March 24th, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

J. Arthur Smith, III, Esq.
830 North Street
Baton Rouge, Louisiana 700802

/s/ Charles H. Hollis
Counsel for Defendant